IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN EDWARD KUPLEN, )
 )
           Petitioner, )
 )
    v. ) 1:14CV598
 )
FRANK L. PERRY, )
 )
           Respondent. )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On May 2, 1984, in the Superior Court of Guilford County, a jury found Petitioner guilty of attempted first degree rape, first degree sexual offense, and assault with a deadly weapon with intent to kill inflicting serious injury, in cases 83 CRS 79897-99, and he received sentences of twenty years for the attempted rape, twenty years for the assault with a deadly weapon with intent to kill inflicting serious injury, and life for the sexual offense, all to be served consecutively. (Id., ¶¶ 1-6.)[1] Petitioner appealed. (Id., ¶ 9.) The North Carolina Supreme Court affirmed. State v. Kuplen, 316 N.C. 387, 343 S.E.2d 793 (1986).

---

[1] Neither Petitioner nor Respondent has provided a copy of Petitioner's Judgment and Commitment forms.

On June 6, 2013,[2] the trial court filed Petitioner's Motion for Appropriate Relief ("MAR"). (See Docket Entry 3-2 at 1; Docket Entry 10-2.)[3] On August 5, 2013, the trial court denied Petitioner's MAR. (Docket Entry 3-2.) On September 6, 2013, Petitioner sought certiorari review with the North Carolina Court of Appeals. (Docket Entry 10-5.) The North Carolina Court of Appeals denied certiorari review on September 24, 2013. (Docket Entry 3-3.) On October 15, 2013, Petitioner filed both a petition for discretionary review (Docket Entry 10-7) and a notice of appeal (Docket Entry 10-8) with the North Carolina Supreme Court. The North Carolina Supreme Court dismissed both requests on December 18, 2013. (Docket Entries 3-4, 3-5.)

Finally, Petitioner signed the instant Petition, under penalty of perjury, and dated it for mailing on July 13, 2014 (Docket Entry 2 at 14), and the Court stamped and filed the Petition on July 17, 2014 (id. at 1).[4] Respondent moved to dismiss the Petition as

---

[2] Although Petitioner dated his MAR on May 31, 2013, the trial court did not file it until June 6, 2013. (Compare Docket Entry 3-2 at 1, with Docket Entry 10-2 at 28.) Because the differing dates do not affect the recommendation of dismissal, the undersigned will use the dates listed as filed by the respective courts.

[3] In the Petition, Petitioner failed to indicate that he pursued a MAR, writ of certiorari, petition for discretionary review, and a notice of appeal for his state collateral relief proceedings. (See Docket Entry 2, ¶ 11.)

[4] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems the instant Petition filed on July 13, 2014, the date Petitioner signed the Petition (under penalty of perjury) as submitted to prison authorities.

untimely and meritless (Docket Entry 9), and Petitioner responded (Docket Entry 20). For the reasons stated below, the undersigned recommends granting Respondent's instant Motion and dismissing the Petition. In addition, Petitioner has also filed several other motions that the Court need not address given the recommendation of dismissal.

### **Petitioner's Claims**

The Petition raises four grounds for relief: (1) "Trial court lacked jurisdiction over the person of the [P]etitioner or subject matter" (Docket Entry 2 at 5); (2) "Ineffective assistance of trial counsel" (id. at 6) because counsel failed to present or move to exclude evidence according to Petitioner's wishes (Docket Entry 3 at 6-11);[5] (3) "Ineffective assistance of first appellate counsel[] and second appellate counsel" (Docket Entry 2 at 8) because they failed to assign as error numerous issues and abandoned Petitioner's criminal appeal (Docket Entry 3 at 11-14);[6] and (4)

---

(See Docket Entry 2 at 14.)

[5] Petitioner lists thirty-eight reasons why his trial counsel provided ineffective assistance. (See Docket Entry 3 at 6-11.) All of the reasons provided, save his claim that trial counsel allowed evidence to be destroyed, occurred before or during trial. (See id.) Because the undersigned recommends dismissal of the Ground as untimely, no need exists to list each reason separately.

[6] Petitioner lists thirty-six reasons why his appellate counsel provided ineffective assistance. (See Docket Entry 3 at 11-14.) All of the reasons provided, save his claim that counsel allowed evidence to be destroyed, occurred before or during his appeal. Because the undersigned recommends dismissal of the Ground

3

"[North Carolina] Court of Appeals lacked jurisdiction over the MAR judge 8-5-2013 Order based upon his disqualification to render any order" (Docket Entry 2 at 10).

**<u>Timeliness</u>**

Respondent moves to dismiss Grounds 1, 2, and 3 as untimely, see 28 U.S.C. § 2244(d)(1). (Docket Entry 10 at 4-14.) In order to assess Respondent's statute of limitations argument, the undersigned must first determine when Petitioner's one-year period to file his Section 2254 Petition commenced. The United States Court of Appeals for the Fourth Circuit has explained:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

---

as untimely, no need exists to list each reason separately.

> discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008). The Court must assess timeliness on claim-by-claim basis. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005).

Neither Petitioner nor Respondent argue that subparagraphs (B) or (C) apply in this situation. (See Docket Entries 2, 3, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 20, 22, 23, 24, 25.) However, Respondent acknowledges that if subparagraph (D) does apply it applies only to Ground 4. (See Docket Entry 10 at 8-9.) Conversely, Petitioner does not address which subparagraph applies; rather (perhaps acknowledging the untimeliness of the instant Petition), Petitioner stringently challenges the constitutionality and application of the one-year statute of limitations to his Petition. (See Docket Entry 2 at 13; Docket Entry 13 at 1; Docket Entry 17 at 1; Docket Entry 22.) Thus, it appears uncontested that subparagraph (A) applies to Grounds 1, 2, and 3, and that subparagraph (D) applies, if at all, to Ground 4.

Under subparagraph (A), Petitioner's convictions became final on August 4, 1986 - 90 days after the North Carolina Supreme Court issued its opinion upholding Petitioner's convictions. See Sup. Ct. R. 13.1; Clay v. United States, 537 U.S. 522, 527 (2003). However, after Petitioner's convictions became final, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which included a new, one-year limitations period for

5

prisoners to file habeas corpus petitions, see 28 U.S.C. § 2244(d)(1). This required prisoners with convictions occurring before AEDPA's enactment until April 24, 1997, to file a habeas petition. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). Petitioner therefore, had until April 24, 1997, to either file his habeas petition or toll the statute by seeking state collateral review. Id. at 438. Petitioner failed to do either; therefore, the Petition expired as to Grounds 1, 2, and 3 on April 24, 1997. Although Petitioner later filed a MAR in state court, by that time, the statute of limitations had long since expired, and that filing could not revive the limitations period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (finding that state filings made after the federal limitations period do not restart or revive the federal limitations period). Accordingly, Petitioner filed his Petition untimely.[7]

---

[7] As to Petitioner's claims that his trial and appellate counsel provided ineffective assistance by allowing the State to destroy his property/evidence from trial (see Docket Entry 3 at 10-11, 12, 14), the trial court entered an Order allowing destruction of the evidence on June 4, 1986 (Docket Entry 10-4 at 25), before his conviction became final. Thus, applying subparagraph (D) would not benefit Petitioner - even though he arguably did not discover this Order until June 9, 2011 (see id. at 24) - because he could have discovered it through public sources before his conviction became final, see Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003), and the limitations period runs from the "latest" of the potential starting points, see Green, 515 F.3d at 303. Regardless, the enactment of AEDPA gave Petitioner until April 24, 1997, to file his Petition. Thus, these claims qualify as untimely.

In an effort to allow the Court to address the merits of the Petition, Petitioner launches a volley of attacks on the constitutionality of AEDPA's limitations period. (See Docket Entry 2 at 13; Docket Entry 22.) Petitioner argues that Section 2244(d)[8] does not apply to him[9] because (1) "Congress/President cannot pass unconstitutional laws mandating when noncapital defendants shall file a state MAR" (Docket Entry 2 at 13; see also Docket Entry 22 at 1); (2) "Congress/President cannot pass unconstitutional laws abridging [P]etitioner's 1st Amendment right of access to the court" (Docket Entry 2 at 13; see also Docket Entry 22 at 2); (3) "Congress/President have exceeded their authority under Commerce Clause, Article 1, Section 8(3) and Necessary and Proper Clause, Article 1, Section 8(18) of the Constitution of the United States if § 2244(d) is applied to [P]etitioner's Writ" (Docket Entry 2 at 13; see also Docket Entry 22 at 1 (citing also the Spending Clause, Tenth Amendment, and Enforcement Clause of the Fourteenth Amendment)); (4) "[P]etitioner's right to the Great Writ is a

---

[8] The undersigned previously granted Petitioner's Motion to Amend Petition for Writ of Habeas Corpus that amended the Petition to reference "2244" instead of "2254" on page 14 of the Petition. (See Text Order dated Aug. 18, 2014.)

[9] To the extent Petitioner asserts an argument that AEDPA generally does not apply to Petitioner, the Supreme Court has held that AEDPA generally applies to all petitions filed after its enactment date. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); see also Breard v. Pruett, 134 F.3d 615, 618 (4th Cir. 1998). Here, Petitioner filed the instant Petition on July 13, 2014 (Docket Entry 2 at 14), well after AEDPA's effective date, so AEDPA does apply to Petitioner, and this argument fails.

7

fundamental right preservative of all rights" (Docket Entry 2 at 13; see also Docket Entry 22 at 2 (citing the Suspension Clause)); and (5) "The [r]ecord affirmatively shows [P]etitioner's wrongful convictions and factual innocence" (Docket Entry 22 at 2). Petitioner fails to develop these arguments, aside from his actual innocence claim (see Docket Entry 23), and relies on the Court to do the work for him, which the Court should not do, see Hayes v. Self-Help Credit Union, No. 1:13-CV-880, 2014 WL 4198412, at *2 (M.D.N.C. Aug. 22, 2014). Although Petitioner's failure to support his arguments provides a basis for rejecting them, id., the undersigned will address them in turn.

As to Petitioner's first argument, contrary to his assertion, AEDPA does not regulate when a non-capital prisoner may file for state-collateral relief. See AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Instead, AEDPA only regulates when a party may file for federal habeas relief. See Morales v. Yates, No. CV 08-0540-AHM (RC), 2009 WL 150551, *4 (C.D. Cal. May 26, 2009) (unpublished) ("AEDPA places no limitations on when a petitioner is able to file applications for post-conviction review in the state courts; rather, it controls only when a petitioner may timely seek habeas corpus relief in the federal courts."). Thus, this argument lacks merit.

As to Petitioner's second argument, AEDPA's statute of limitations does not unconstitutionally restrict Petitioner's right

8

to access the courts. "[A] limitations period does not prevent an individual from petitioning the government; it just explains when he must do so." Hill v. Dailey, 557 F.3d 437, 440 (6th Cir. 2009) (per curiam). Thus, this argument lacks merit.

As to Plaintiff's third argument, the United States Supreme Court has long held that "the power to award the writ by any of the courts of the United States must be given by written law, and [] have likewise recognized that judgments about the proper scope of the writ are normally for Congress to make." Felker v. Turpin, 518 U.S. 651, 664 (1996) (internal citations and quotation marks omitted). Such statements acknowledge Congress's authority to prescribe the terms of the writ of habeas corpus and, consequently, to enact AEDPA's statute of limitations. Thus, Petitioner's argument fails.

As to Petitioner's fourth argument, he appears to mount a Suspension Clause challenge. (See Docket Entry 2 at 13; see also Docket Entry 22 at 2.) All of the Circuit Courts to address the issue have held that AEDPA's statute of limitations does not violate the Suspension Clause. See, e.g., Dailey, 557 F.3d at 438 (citing cases). Thus, Petitioner's argument fails.

As to Petitioner's final argument, although the United States Supreme Court has recognized that a showing of actual innocence may excuse noncompliance with AEDPA's one-year limitations period, McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928

9

(2013), the Court also ruled that showings of actual innocence "are rare," and that a petitioner must demonstrate that no reasonable juror could vote to find the petitioner guilty beyond a reasonable doubt, id.  In this case, Petitioner has not made the requisite showing.

The Petition lists (without elaboration or evidentiary support) sixteen reasons why Petitioner believes the record demonstrates his actual innocence (see Docket Entry 23 at 3-4), but this list does not satisfy the actual innocence exception, see Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."). Petitioner cannot rely on his interpretation of the evidence and his unsupported claim of innocence to satisfy Schlup. See Weeks v. Bowersox, 119 F.3d 1342, 1352-53 (8th Cir. 1997) (en banc) ("[A] bare, conclusory assertion that [a petitioner] is actually innocent is not sufficient to invoke the [Schlup] exception.  Were protestation of innocence the only prerequisite to application of this exception, we fear that actual innocence would become a gateway forever open to habeas petitioners' defaulted [or untimely] claims." (internal quotation marks omitted)); Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *2 (M.D.N.C. Sept. 19, 2014)

10

(unpublished) (Eagles, J.) ("[The petitioner's] conclusory claims now of actual innocence are insufficient to be credible, even at this preliminary stage."), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014). In other words, Petitioner has not demonstrated that "'it is more likely than not that no reasonable juror would have convicted [him],'" McQuiggin, 133 S. Ct. at 1933 (quoting Schlup, 513 U.S. at 329).[10]

In sum, Petitioner filed the instant Petition, with respect to Grounds 1, 2, and 3, untimely.

## **Merits**

As to Ground 4, Petitioner's claim clearly qualifies as meritless, so the Court need not address the issue of timeliness. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2005) ("Because the one-year statute of limitations is not jurisdictional, a

---

[10] Notably, the North Carolina Supreme Court described the evidence against Petitioner as "overwhelming." Kuplen, 316 N.C. at 415, 343 S.E.2d at 809. In that regard, the victim, who knew Petitioner prior to the assault, identified him both prior to trial and in court, see id. at 391-92, 410-11, 343 S.E.2d at 795-96, 806-07, "police recovered from the victim's living room floor a button with attached thread and cloth which matched a blue flannel shirt they seized from [Petitioner's] apartment," id. at 392, 343 S.E.2d at 796; see also id. at 401, 343 S.E.2d at 801 ("According to the victim's testimony at trial, [Petitioner] arrived at the victim's apartment . . . wearing a . . . light blue flannel shirt . . . ."), a witness testified "that he was in the same cell block as [Petitioner] and that [Petitioner] told [the witness] 'that [Petitioner] should have made sure the bitch could never walk, see or hear again, and [Petitioner] should have-should have made sure she was dead,'" id. at 404, 343 S.E.2d at 803, and "[b]lood which matched that of the victim was found inside a boot seized from [Petitioner's] apartment," id. at 392, 343 S.E.2d at 769.

11

federal habeas court is not duty-bound to consider the timeliness of a § 2254 petition."). "[W]here there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); see also Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."). Here, Petitioner attacks the validity of the trial court's decision on Petitioner's MAR based on an alleged conflict of interest of the presiding judge. (See Docket Entry 2 at 10; see also Docket Entry 3 at 14-16.) Clearly, Ground 4 does not provide a basis for habeas relief, and the Court should dismiss Ground 4 as meritless.

## Conclusion

Petitioner filed the instant Petition untimely with respect to Grounds 1, 2, and 3, and Petitioner cannot rely on Ground 4 as a basis for federal habeas relief. Therefore, the Court should grant Respondent's instant Motion and dismiss the Petition.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 9) be granted, that the Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action, without issuance of a certificate of appealability.

**IT IS FURTHER RECOMMENDED** that Petitioner's pending motions (Docket Entries 14, 15, 24) be denied as moot.

                                                  /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                              **United States Magistrate Judge**

February 20, 2015